# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA GRAUDINS, on behalf of herself and all others similarly situated, | ) ) ) Civil Action No.: 14-2589 |
| Plaintiff, | ) ) |
| v. | ) ) |
| KOP KILT, LLC d/b/a/ THE TILTED KILT PUB; VINCENT PIAZZA; and DOE DEFENDANTS 1-10, | ) ) ) |
| Defendants. | ) ) ) ) |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT

This Joint Stipulation of Settlement and Release Agreement (the "Settlement Agreement"), is entered into by and between Plaintiff Victoria Graudins, on behalf of all other individuals Plaintiff seeks to represent, and Defendant KOP Kilt, LLC d/b/a The Tilted Kilt Pub.

## 1.   BACKGROUND

Between April 2012 and July 2013, Plaintiff Victoria Graudins worked as a server at the Restaurant operated by Defendant KOP Kilt, LLC d/b/a The Tilted Kilt Pub.  Ms. Graudins received part of her compensation in tips.  Ms. Graudins claims Defendant (i) failed to satisfy the notice requirements of the tip credit provisions in federal and state law; (ii) failed to ensure Tipped Employees earned the mandated minimum wage when taking the tip credit; (iii) required Tipped Employees to use their tips to reimburse Defendant for cash shortages; and (iv) failed to pay Tipped Employees for all time worked, including time spent donning and doffing their uniforms, attending promotional events on behalf of Defendant, and attending mandatory pre-shift meetings.  Defendants deny each allegation.

On May 5, 2014, on the basis of those alleged facts, Plaintiff sued Defendants KOP Kilt, LLC d/b/a The Tilted Kilt Pub and Vincent Piazza in the

United States District Court for the Eastern District of Pennsylvania at Case No. 2:14-CV-02589.  On her own behalf, and on behalf of a putative class and putative collective, Ms. Graudins asserted claims under the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL"), and the Fair Labor Standards Act ("FLSA").  Plaintiff sought recovery of alleged unpaid wages, alleged unpaid or misappropriated gratuities, liquidated damages, and attorneys' fees and costs, as well as injunctive relief.

On July 10, 2014, the parties submitted to the Court a Joint Proposed Discovery Plan and began discovery.  During discovery, the parties exchanged tens of thousands of pages of documents.  Plaintiff deposed a Rule 30(b)(6) witness, and Defendants deposed Plaintiff.

Toward the end of the discovery process, on October 12, 2015, the Parties participated in a private mediation session with the Honorable Diane Welsh (Ret.) to explore the possibility of settlement before dispositive motions and before any motion for class or collective certification.  That mediation session led to this Settlement Agreement, through which the Parties seek to resolve all claims that were or could have been asserted in the litigation or that relate to or reasonably could have arisen out of the same facts.

Based upon their independent analysis, and recognizing the risks of continued litigation, counsel for Plaintiff believes that the settlement with Defendants for the consideration of and on the terms set forth in this Settlement Agreement is fair, reasonable, and is in the best interest of Plaintiff and Class Members, in light of all known facts and circumstances, including the risk of delay and defenses asserted by Defendants.  Although Defendants deny liability, they likewise agree settlement is in the Parties' best interests.  For those reasons, and because an effective release is contingent on Court approval, the Parties submit their Settlement Agreement to this Court for its review.

## 2.   DEFINITIONS

**2.1   Bar Date.**  Sixty (60) days after the date on which the Claims Administrator first mails the Class Notice to the Class Members.  The Bar Date is the date on which the Claims Administrator must receive an individual Class Member's Substitute W-9 Form for such documents to be considered timely and is also the deadline for all opt-outs to be received and objections to be raised.

**2.2**   **Claim Form.**  The form mailed with the Notice Packet for Class Members to complete before become Participating Settlement Class Members.  The Claim Form and Substitute W-9 Form will be used interchangeably.

**2.3**   **Claims Administrator.**  Angeion Group, a claims-administration firm capable of providing appropriate and timely administrative assistance in administering the settlement of this Litigation as set forth in this Settlement Agreement.

**2.4**   **Class Counsel.**  Connolly Wells & Gray, LLP and Kalikhman & Rayz, LLC**.**

**2.5**   **Class Member.** Any current or former Tipped Employee employed by Defendant at the Restaurant at any time during the Class Period.

**2.6**   **Class Notice.**  The notice substantially in the form of Exhibit 1 to be directed to Class Members.  The purpose of the Class Notice is to inform Class Members about the Litigation and this Settlement Agreement.

**2.7**   **Class Period.**  March 28, 2012 through July 2, 2015.

**2.8**   **Court.**   The United States District Court for the Eastern District of Pennsylvania.

**2.9**   **Defendant.**  KOP Kilt, LLC d/b/a the Tilted Kilt Pub.[1]

**2.10**   **Defendants.**  KOP Kilt, LLC d/b/a the Tilted Kilt Pub *and* Vincent Piazza.

**2.11**   **Defendants' Counsel.**  Littler Mendelson, P.C.

**2.12**   **Effective Date.**  The first day after the Settlement becomes Final.

**2.13**   **Estimated Settlement Payment.**   "Estimated Settlement Payment" will have the meaning set forth in Section 4.7.

**2.14**   **Final.**  With respect to any judicial ruling or order, an order that is final for purposes of 28 U.S.C. § 1291, and (a) for which the time has expired to file an appeal, motion for reconsideration or clarification, motion for re-argument, motion for rehearing, petition for a writ of certiorari or other writ

---

[1] As discussed in § 3.1, below, Vincent Piazza is to be dismissed as a Defendant.

("Review Proceeding") with respect to such judicial ruling or order with no such Review Proceeding having been filed; or (b) if a Review Proceeding has been filed with respect to such judicial ruling or order, (i) the judicial ruling or order has been affirmed without material modification and with no further right of review, or (ii) such Review Proceeding has been denied or dismissed with no further right of review.

2.15 **Final Approval Hearing.**  The hearing scheduled by the Court to decide whether to approve the Settlement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23.  Such a hearing will only constitute a Final Approval Hearing if it is scheduled at least 101 days after entry of the Preliminary Approval Order, to provide adequate time for any notice required by the Class Action Fairness Act ("CAFA").

2.16 **Final Approval Order.**  The document substantially in the form attached hereto as Exhibit B, which will be submitted to the Court by the Parties to seek (1) approval of this Settlement Agreement on the terms provided herein (or as the same may be modified by subsequent mutual agreement of the Parties subject to approval of the Court), adjudging such terms to be adequate, fair and reasonable, and in the best interests of Plaintiff and Class Members; (2) certification of the class of Class Members for settlement purposes only; (3) approval of Class Counsel's application for an award of their fees, costs and expenses; (4) approval of Class Counsel's application for a Service Payment to Plaintiff; and (5) dismissal of the Litigation with prejudice.

2.17 **Litigation.**  The legal action captioned *Victoria Graudins, on behalf of herself and all others similarly situated v. KOP Kilt, LLC, et al.,* Civil Action No. 14-cv-02589 (RBS), in the United States District Court for the Eastern District of Pennsylvania.

2.18 **Maximum Gross Settlement Amount.**  The $300,000 payment that Defendants would pay to settle the Litigation as described in this Settlement Agreement, inclusive of Class Counsel's fees and costs, the Service Payment, and the Claims Administrator's fees.  Any amounts that are not distributed to Participating Settlement Class Members or pursuant to the other categories of expenses above will be retained by Defendants.  The Maximum Gross Settlement Amount will not be segregated and may remain in Defendants' general funds until distributed or provided to the Claims

Administrator for distribution.  Except as set forth in Paragraphs 4.12 and 4.13, Defendants may not be called upon or required to contribute additional monies above the Maximum Gross Settlement Amount under any circumstances whatsoever.  Any interest earned on the Maximum Gross Settlement Amount during the period of settlement administration under this Settlement Agreement will remain Defendants' sole and exclusive property.

2.19   **Notice Packet.**   The (i) Class Notice mailed to Class Members in accordance with the Settlement Agreement; (ii) Estimated Settlement Payment for the individual Class Member to whom the Class Notice was mailed; (iii) Claim Form; and (iv) prepaid return envelope.

2.20   **Participating Settlement Class Members.**   Every member of the Settlement Class who submits a valid and timely Claim Form in accordance with the terms of this Settlement Agreement.  In accordance with the terms of this Settlement Agreement, only Participating Settlement Class Members will release their FLSA claims and only Participating Settlement Class Members will receive any money in connection with this Settlement.

2.21   **Parties.**  Plaintiff and Defendants and, in the singular, "Parties" refers to any of them, as the context makes apparent.

2.22   **Plaintiff.**  Named plaintiff Victoria Graudins.

2.23   **Preliminary Approval Order**.  The document substantially in the form attached hereto as Exhibit A, which will be submitted to the Court by the Parties to seek (a) preliminarily approval of this Settlement Agreement; (b) dissemination of Class Notice; (c) approval of the proposed form of Class Notice; (d) certification a Fed. R. Civ. P. 23(b)(3) settlement only class; (e) appointment of Victoria Graudins as class representative and the law firms Connolly Wells & Gray, LLP and Kalikhman & Rayz, LLC as Class Counsel; (f) a finding that the proposed manner of serving the Class Notice to the members of the Settlement Class is the best notice practicable under the circumstances; and (g) a Bar Date.

2.24   **Released Persons.**  Defendant and its past, present, and future members, parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of KOP Kilt, LLC's past, present and future officers,

directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by KOP Kilt, LLC, divisions, units, branches and any other persons or entities acting on KOP Kilt, LLC's behalf.  "Released Persons" also refers to Vincent Piazza and his heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interests, and assigns.

2.25   **Releasing Persons.**  Every member of the Settlement Class and his or her respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interests, and assigns.

2.26   **Restaurant.**   The establishment operated by KOP Kilt, LLC and doing business as The Tilted Kilt Pub in King of Prussia, Pennsylvania.

2.27   **Review Proceeding.**  "Review Proceeding" will have the meaning set forth in Section 2.14.

2.28   **Service Payment.**  The amount to be approved by the Court for payment to Plaintiff Victoria Graudins in recognition for her efforts in assisting in the prosecution of this Litigation on behalf of Class Members.

2.29   **Settlement Agreement.**   This Settlement Agreement, including any modifications or amendments adopted pursuant to Section 8.4.

2.30   **Settlement Class.**  Plaintiff and any Class Member who does not opt-out within the specified period in accordance with the requirements of this Settlement Agreement.  Defendant represents and warrants that all members of the Settlement Class are Tipped Employees.

2.31   **Settlement Payment.**  The payment to which a Participating Settlement Class Member will receive pursuant to the Settlement Agreement.

2.32   **Substitute W-9 Form.**   The form or language included with the Class Notice mailing approved to substitute for Department of Treasury Internal Revenue Service Form W-9, Request for Taxpayer Identification Number and Certification.

**2.33 Tipped Employee.** Any individual employed by Defendant during the Class Period where Defendant claimed or attempted to claim a "tip credit" for that employee pursuant to Section 203(m) of the FLSA. Such employees include bartenders, bar-backs, waitresses/servers (referred to by Defendant as "Entertainers"), food runners, and bussers.

**3.** <u>**SETTLEMENT CONDITIONS**</u>

The Settlement will not become effective until every one of the conditions and obligations in Sections 3.1 through 3.4 has been either satisfied or waived in writing by the Party entitled to the benefit of the condition or obligation. Each of the Settlement Conditions is a material term. Except as otherwise provided in this Settlement Agreement, the Parties will use reasonable efforts to cause each of the following Settlement Conditions to occur and will support approval of the Settlement before the Court.

**3.1 Dismissal with Prejudice Of All Defendants But KOP Kilt, LLC.** On or before the Parties move for preliminary approval, Plaintiff will file with the Court a stipulation dismissing with prejudice Vincent Piazza and the Doe Defendants.

**3.2 Preliminary Approval of Settlement Agreement by the Court.** On or before February 12, 2016, the Parties will submit this Settlement Agreement (including all exhibits) to the Court for preliminary approval and will jointly request entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit A.

**3.3 Entry of Final Approval Order by the Court.** The Parties will jointly request that the Court schedule a Final Approval Hearing within 101 - 120 calendar days after entry of the Preliminary Approval Order. At the Final Approval Hearing, the Parties will jointly move for entry of a Final Approval Order, substantially in the form attached hereto as Exhibit B.

**3.4 Final Approval Order Becoming Final.** If the Court denies approval of any material term of the Settlement, whether initially, or if a Review Proceeding has been instituted, then after the conclusion of any Review Proceeding, any Party may terminate the Settlement under Section 7. If the Court does not enter the Final Approval Order or if the Final Approval Order

does not become Final then any Party may terminate this Settlement Agreement pursuant to Section 7.

4. **TERMS OF SETTLEMENT**

4.1 **Maximum Gross Settlement Amount.** Defendant will pay the Maximum Gross Settlement Amount, which includes Class Counsel's fees and costs as awarded by the Court, any Service Payment, and the Claims Administrator's fees under the Settlement Agreement. Also being paid from the Maximum Gross Settlement Amount will be all Participating Settlement Class Members' claims. Any amount remaining from the Maximum Gross Settlement Amount after all of the deductions set forth in this Settlement Agreement have been made will revert back to Defendant. In return for the Maximum Gross Settlement Amount, Defendant will obtain (among other things) the Release described in Section 5.

4.2 **Class Certification.** In connection with preliminary and final approval of the proposed Settlement, Plaintiff will, through Class Counsel, seek orders (preliminary and final, respectively) certifying the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3). For Settlement purposes only, and to effect this Settlement Agreement, Defendants will not object to such certification.

4.3 **Preliminary Approval.** The Parties will use reasonable efforts to enable the Plaintiff to file a motion ("Preliminary Approval Motion") with the Court for the issuance of a Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, which, among other things, will (a) preliminarily approve this Settlement Agreement; (b) direct the time and manner of the Class Notice to be served upon the Settlement Class; (c) find that the proposed form of Class Notice fairly and adequately (i) describes the terms and effect of this Settlement Agreement, (ii) provides notice to the Settlement Class of the time and place of the Final Approval Hearing and (iii) describes how the recipients of the Class Notice may object to the Settlement; and (d) find that the proposed manner of serving the Class Notice to the members of the Settlement Class is the best notice practicable under the circumstances.

4.4 **Cooperation.** The Parties will, in good faith, take reasonable steps to (a) secure expeditious entry of the Preliminary Approval Order by the Court; (b) seek a date for the Final Approval Hearing within 101 - 120 calendar days

after entry of the Preliminary Approval Order; and (c) and seek entry of the Final Approval Order.

4.5   **Retention of Claims Administrator.**   The Claims Administrator will be responsible for the claims-administration process and distribution to Class Members as provided herein.   Defendants will cooperate with the Claims Administrator and assist it in any reasonable way possible in administering this Settlement Agreement.   Claims Administrator fees are to be paid out of the Settlement Fund.   The Claims Administrator will provide Class Counsel and Defense Counsel with a final bill of its fees no later than ten (10) days Before the Final Approval Hearing.

4.6   **Class List.**   Within fourteen (14) calendar days after the Court enters a Preliminary Approval Order, Defendants will provide the Claims Administrator with a list, in electronic form, containing the following information for Plaintiff and for each Class Member: name, last known address, Social Security Number, hourly rate of pay paid by Defendant (the "cash wage" paid pursuant to Section 203(m)), number of hours recorded in Defendant's timekeeping system, and the dates employed by KOP Kilt, LLC at any time during the Class Period.   At the same time, Defendant will also provide Class Counsel with a list, in electronic form, containing the name, last known address, and dates employed by Defendant of each Class Member during the Class Period.

4.7   **Calculation of Settlement Payments for Plaintiff and Class Members.**

    (A)   **Estimated Settlement Payment.**   The Notice Packet will contain an Estimated Settlement Payment for the individual Class Member to whom it was mailed.   The Claims Administrator will calculate the Estimated Settlement Payment in four steps:

        (1)   The Claims Administrator will deduct from the Maximum Gross Settlement Amount (i) the maximum amount of attorneys' fees and expenses permitted, (ii) the highest Service Payment allowed, and (iii) the estimated fees and expenses of the Claims Administrator.   The resulting number will be referred to as the "Estimated Maximum Net Settlement Amount."

(2)     For each Class Member, the Claims Administrator will then multiply the difference between the full minimum wage ($7.25) and the hourly rate actually paid by Defendant to that Class Member by the number of hours worked during the Class Period by that Class Member (for example: $7.25 - $2.83 = $4.42 x 100 hours worked = $442.00).  This number will be referred to as the "Individual Damage Amount."

(3)     The Individual Damage Amounts for all Class Members will then be added together by the Claims Administrator to determine the "Class Members' Total Damage Amount."  The Estimated Maximum Net Settlement Amount will then be divided by the Class Members' Total Damage Amount.

(4)     The Claims Administrator multiply the resulting fractional amount by a Class Member's Individual Damage Amount to determine that Class Member's Estimated Settlement Payment.

(B)     **Settlement Payment.**  Only Participating Settlement Class Members will receive money in connection with this Settlement.  Once the Settlement becomes Final, the Claims Administrator will calculate Settlement Payments for Participating Settlement Class Members in four steps:

(1)     The Claims Administrator will deduct from the Maximum Gross Settlement Amount the following amounts as awarded or permitted by the Court: (i) Class Counsel's attorneys' fees and expenses, (ii) the Service Payment, if any, to the Plaintiff, and (iii) the fees and expenses of the Claims Administrator.  The resulting number will be referred to as the "Net Settlement Amount."

(2)     For each Participating Settlement Class Member, the Claims Administrator will multiply the difference between the full minimum wage ($7.25) and the hourly rate actually paid by Defendant to that Participating Settlement Class Member by the number of hours worked during the Class Period by that individual (for example: $7.25 - $2.83 = $4.42 x 100 hours

worked = $442.00). This number will be referred to as the "Participating Individual Damage Amount."

(3)    The Participating Individual Damage Amount for all Participating Settlement Class Members will then be added together by the Claims Administrator to determine the "Participating Settlement Class Members' Total Damage Amount."

(4)    The Net Settlement Amount will be divided by the Participating Settlement Class Members' Total Damage Amount.

(5)    The resulting fractional amount will then be multiplied by a Participating Individual Damage Amount to determine that Participating Settlement Class Member's Settlement Payment.

(6)    To avoid a windfall to any individual Participating Settlement Class Member, no Participating Settlement Class Member's Settlement Payment will be higher than five times that individual's Estimated Settlement Payment. Should any Participating Settlement Class Member's Settlement Payment be higher than five times his or her Estimated Settlement Payment, such amount will be reduced accordingly and with such reduction reverting to Defendant.

(C)    For purposes of performing the calculations set forth above, the Claims Administrator will rely on the hours recorded in Defendants' timekeeping system when determining the hours worked for Class Members or Participating Settlement Class Members.

(D)    Plaintiff, Class Counsel, Defendants, and Defendants' Counsel will have no responsibility for, or liability arising from, the Claims Administrator's calculations of the distribution of the Maximum Gross Settlement Amount including, without limitation, the calculation of an individual Participating Settlement Class Member's Settlement Payment.

(E)    Plaintiff is a member of the Settlement Class by operation of this Settlement Agreement. To receive her Settlement Payment, however,

the Plaintiff must properly complete and timely return a Substitute W-9 Form for receipt by the Claims Administrator on or before the Bar Date, as directed in the Class Notice.  Plaintiff's Settlement Payment will be calculated in accordance with the formula set forth above.

(F)     Class Members are members of the Settlement Class if they do not opt out during the sixty (60) day claim period.  If any Class Member desires to receive his or her part of Maximum Gross Settlement Amount, he or she must complete and timely return a Substitute W-9 Form for receipt by the Claims Administrator on or before the Bar Date, as directed in the Class Notice.

(G)     Any Class Member who wishes to challenge the calculation of his or her Settlement Payment must submit a written, signed declaration to the Claims Administrator for receipt by the Claims Administrator on or before the Bar Date.  The Claims Administrator will resolve the challenge and make a final and binding determination without hearing or right of appeal.

(H)     If a Class Member submits a Substitute W-9 Form to the Claims Administrator on or before the Bar Date, but the document is incomplete or otherwise deficient in one or more aspects, the Claims Administrator will (no later than seven (7) calendar days following the Bar Date) return the deficient document to the individual with a letter explaining the deficiencies and stating that the individual will have fourteen (14) calendar days from the date of the deficiency notice is postmarked to the Class Member  to correct the deficiencies and resubmit the document.  The envelope containing the corrected and resubmitted document must be postmarked within fourteen (14) calendar days of the date the deficiency notice is mailed to be considered timely.  The Claims Administrator's decision on whether the deficiency has been remedied will be binding on the Parties and the Class Member.

(I)     Ten days Before the Final Approval Hearing, the Claims Administrator will certify jointly to Class Counsel and Defendants' Counsel a list of all Participating Settlement Class Members, indicating for each member of the Settlement Class (a) whether he or she provided an executed and compliant Substitute W-9 Form; and (b)

the total Settlement Payment due to that individual pursuant to this Settlement Agreement. The Claims Administrator will also indicate whether any challenges to a Participating Settlement Class Member's Settlement Payment has been received and, if so, the status of that challenge.

**4.8    Class Notice.**

(A)    The Claims Administrator will mail the Notice Packet via First Class Mail to each Class Member within fourteen (14) calendar days after the Class Administrator receives the class list and the data required to perform the preliminary calculations. The Claims Administrator will (among other things) provide estimated settlement payment amounts in the Class Notice, inform Class Members that only individuals submitting a timely Claim Form to the Claims Administrator will receive any money under this Settlement, and include a prepaid, business reply envelope with the mailing (to facilitate return of Substitute W-9 forms).

(B)    Before mailing, the Claims Administrator will attempt to confirm the accuracy of the addresses of each Class Member through the United States Post Office's National Change of Address ("NCOA") database. If a Class Notice is returned as undeliverable, the Claims Administrator will perform one skip trace and resend by First Class United States Mail the Court-approved Class Notice once only to those Class Members for whom it obtains more recent addresses.

(C)    During the Notice Period, Defendants will conspicuously place at least one copy of the Class Notice in the kitchen of the Restaurant, near the DOL posters.

(D)    The Claims Administrator will mail a Court-approved Class Notice to any Class Member who contacts the Claims Administrator during the time period between the initial mailing of the Class Notice and the Bar Date and requests that a Class Notice be re-mailed. During the Notice Period, no other communications will be sent by either Party to Class Members. Class Counsel may nevertheless communicate with Plaintiff and respond to inquiries they receive from Class Members during the Notice Period. Defendants may nevertheless communicate

- 13 -

with their current or former employees in response to inquiries regarding any matter, including the Litigation or this Settlement Agreement.

(E) Upon mailing of the Notice Packet, either the Claims Administrator or Class Counsel may establish a settlement website (or a link on their existing website) to assist in providing Class Members with information regarding the Settlement. Such website may include (i) the Complaint; (ii) the Settlement Agreement; (iii) a copy of the Class Notice; (iv) any orders entered by the Court regarding the Settlement; and (v) a list of frequently asked questions and their corresponding answers that is mutually agreed upon by the Parties. Such website will be taken down within ten (10) days of the Settlement becoming Final.

(F) The Claims Administrator will provide to Defendants' Counsel and Class Counsel at least once every two weeks, a report concerning any opt-outs or objections raised by Class Members. Further, fourteen (14) days Before the Final Approval Hearing, the Claims Administrator will provide Defendants' Counsel and Class Counsel with a cumulative report detailing any opt-outs or objections received from Class Members.

**4.9    Objections.** Only Class Members may object to the Settlement. To object to the Settlement, the Class Member must send a written objection to the Claims Administrator no later than the Bar Date. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Class Members who wish to object and be represented by counsel will do so at their own expense. No Class Member will have any claim to any part of the Maximum Gross Settlement Amount based, in whole or in part, on their retention of outside counsel. Should the Claims Administrator receive any objection, it will promptly notify Defendants' Counsel and Class Counsel and will provide each with the contact information for the objecting Class Member.

**4.10   Opt-Out/Request for Exclusion.**

(A) For a Class Member to exclude himself or herself from the Settlement ("opting-out"), he or she must write and submit a "Request for

- 14 -

Exclusion" in the form of a letter that states: "I request to be excluded from the settlement in *Graudins v. KOP Kilt, LLC, et al.*, Case No. 2:14-CV-02589 (E.D. Pa.). I affirm that I was employed by Defendant as a Tipped Employee on one or more days between March 28, 2012 and July 2, 2015." The Class Member who wishes to opt-out must also include his or her full name, address, and telephone number. Class Members *may not* exclude themselves by telephone, fax, or email.

(B)    All requests for exclusion must be submitted by the Bar Date.

(C)    The date of submission is deemed to be the earlier of (i) the date the form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; or (ii) the date the form is received by the Claims Administrator.

(D)    Any Class Member who submits a timely and valid Request for Exclusion *will not* (i) be bound by any orders or judgments entered in this Litigation; (ii) be entitled to benefits or relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to the Settlement or appeal from any order of this Court.

(E)    Upon receipt of a Request for Exclusion, the Claims Administrator will notify Class Counsel and Defendants' Counsel and will provide Class Counsel with such individual's last known telephone number.

(F)    If a fully completed and properly executed Request for Exclusion is not received by the Claims Administrator from a Class Member by the Bar Date, then that Class Member will be deemed to have forever waived his or her right to opt-out of the Settlement Class.

(G)    If a Class Member submits both a timely Claim Form and a timely Request for Exclusion, the Claims Administrator will promptly notify and send copies of the Claim Form and the Request for Exclusion to both Class Counsel and Defendants' Counsel and will provide Class Counsel with such individual's last known telephone number. The Claims Administrator will attempt to contact that individual to ascertain her or his intent. If those efforts are unsuccessful,

- 15 -

whichever document was mailed later will govern, and if both documents were mailed simultaneously, or the sequence of mailings cannot be determined, then the Claim Form will govern.

**4.11   Final Approval.**

(A)   Plaintiff will file a motion seeking final approval of the Settlement ("Final Approval Motion") with the Court no later than 30 calendar days before the Final Approval Hearing is scheduled.  In the Final Approval Motion, Plaintiff will request that the Court determine, at or after the Final Approval Hearing (a) whether to enter a Final Approval Order, substantially in the form attached as Exhibit B, granting final approval of the Settlement, dismissing the Litigation with prejudice and entering judgment pursuant to Federal Rule of Civil Procedure 54(b); (b) whether the distribution of the Maximum Gross Settlement Amount set forth in this Agreement should be approved or modified; (c) the amount of legal fees and expenses to be awarded to Class Counsel as contemplated by Section 4.14 of this Settlement Agreement; and (d) the amount of Service Payment, if any, to be awarded to the Plaintiff.

(B)   The Final Approval Motion will ask the Court to (a) approve this Settlement Agreement; (b) certify the Settlement Class; and (c) permanently enjoin (i) the members of the Settlement Class from bringing in any forum any of the Released Claims against any of the Released Persons and (ii) Defendants from bringing in any forum any of Defendants' Released Claims.

(C)   At the Final Approval Hearing, Plaintiff and Defendants will request that the Court rule on any Objections to the Settlement by any Settlement Class Members and find that the Settlement is fair, reasonable and adequate, and enter the Final Approval Order.

(D)   The Parties agree to support entry of the Final Approval Order, including supporting the Settlement through any Review Proceeding. Defendants will not take any position with respect to Class Counsel's fee and expense request or Plaintiff's Service Payment, so long as disposition of those matters is substantially in accordance with the provisions of this Settlement Agreement.   The Parties otherwise

covenant and agree to reasonably cooperate with one another and to take all actions reasonably necessary to effectuate the Settlement Agreement and to obtain a Final Approval Order.

**4.12   Distribution of Settlement Payments to Final Settlement Class.**

(A)   Within ten (10) calendar days after the Court enters a Final Approval Order, Defendants will provide the Claims Administrator with funds sufficient to enable the Claims Administrator to satisfy the payment obligations to Participating Settlement Class Members, Class Counsel, and to the Claims Administrator.

(B)   Within fourteen (14) calendar days after the Final Effective Date, the Claims Administrator will mail the Final Settlement Payments to the Participating Settlement Class Members' last known addresses.

(C)   The Parties agree that each Final Settlement Payment to be issued to each Participating Settlement Class Member will be separated into two equal amounts: fifty percent (50%) will be allocated to the claims asserted in the Litigation for alleged unpaid wages and other alleged wage-related damages, and fifty percent (50%) will be allocated to the claims asserted in the Litigation for alleged liquidated damages and other relief.

(1)   The part allocated to claims for alleged unpaid wages and other alleged wage-related damages will be subject to all required employee paid payroll taxes and deductions (*e.g.*, federal income taxes, state income taxes, employee's share of FICA taxes, and other state-specific statutory deductions) and other required deductions set forth within Defendants' payroll records (*e.g.*, garnishments, tax liens, child support).

(2)   The part allocated to alleged liquidated damages and other relief will be characterized as non-wage income to the recipient and shall not be subject to any withholdings.  The Claims Administrator will report the wage part to each Participating Settlement Class Member on an IRS Form W-2 and the non-wage part on an IRS Form 1099.

(3)    The Claims Administrator will be responsible for issuing the settlement checks, less required withholdings and deductions, to each Participating Settlement Class Member and mailing the settlement checks, W-2s and 1099s to the Participating Settlement Class Members.

(D)    The back of each check distributed to Participating Settlement Class Members will state that "the check must be cashed within ninety (90) days or it will become void." The Claims Administrator will also send a cover letter stating the same.

(E)    If any settlement check is not negotiated in the 90-day period, that settlement check will be voided, and the Claims Administrator will place a stop-payment on the check.  Settlement Class members with such voided checks will have irrevocably waived any right in or claim to a Settlement Payment, but the Settlement Agreement and all releases contained herein nevertheless will be binding upon them. One hundred percent (100%) of such unclaimed funds will be returned to Defendants by the Claims Administrator.

(F)    Neither Defendants, Defendants' Counsel, Class Counsel, Plaintiff, nor the Claims Administrator will have any liability for lost or stolen settlement checks, for forged signatures on settlement checks, or for unauthorized negotiation of settlement checks.

(G)    Without limiting the foregoing, if a Participating Settlement Class Member notifies the Claims Administrator that he or she believes that his or her settlement check has been lost or stolen, the Claims Administrator will immediately notify counsel for the Parties and stop payment on any such check.

(1)    If the settlement check in question has not been negotiated before the stop payment order, the Claims Administrator will issue a replacement check, from which the fees, if any, associated with the stop payment order will first be deducted. The Participating Settlement Class Member will have an additional thirty (30) calendar days to negotiate the re-issued check from the date of re-mailing.

(2)    If any settlement check is not negotiated in that period of time, that settlement check will be voided.  One hundred percent (100%) of such unclaimed funds will revert back to Defendants.

(H)    In addition to the Maximum Gross Settlement Amount, Defendants will be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to Defendants' share of the FICA and FUTA taxes, with respect to the amounts treated as wages. The Claims Administrator will calculate the employer share of taxes and provide Defendants with the total employer tax contributions. Defendants will deposit with the Claims Administrator the calculated employer tax contributions before the mailing of the Settlement Payments to Participating Settlement Class Members.

(I)    Neither Plaintiff, Defendants, Class Counsel, nor Defendants' Counsel has provided or will provide any Class Member or Settlement Class Member with any advice regarding the tax consequences of this Settlement Agreement.

**4.13  Fees and Expenses Borne By Defendant.**  Defendant will bear sole responsibility for Defendants' Counsel's fees, expenses, and costs, including any fees or expenses incurred by Vincent Piazza's counsel.  Further, Defendant will bear sole responsibility for all fees and costs associated with dissemination of any notice required by CAFA.  In addition, Defendant will bear sole responsibility for the payment of the employer's part of any and all taxes regarding the part of the Settlement Payment attributable to wages. Further, should this Settlement not become Final for any reason, Defendant will bear sole responsibility for any fees or expenses incurred by the Claims Administrator.

**4.14  Class Counsel's Fees and Costs.**

(A)    Class Counsel may make an application to the Court for an award of Class Counsel's fees in an amount not to exceed one-third of the Maximum Gross Settlement Amount, plus reasonable expenses as awarded by the Court.  Such application will be filed in connection with the Parties' Final Approval Motion.

(B)   If the Court rules that any amount requested by Class Counsel for attorneys' fees, expenses or costs is excessive and reduces the same, only the reduced amount will be deemed to be Class Counsel's fees and costs for purposes of this Settlement Agreement.

(C)   Within fourteen (14) calendar days after the Court enters a Final Approval Order, the Claims Administrator will wire transfer the amount representing Class Counsel's attorneys' fees and expenses approved by the Court to Class Counsel.  Before any payment of any amount designated as Class Counsel's fees and costs, Class Counsel will provide the Claims Administrator with all information necessary to effectuate such payments (*e.g.,* a fully executed IRS Form W-9). Class Counsel will be issued an IRS Form 1099 for their award of Class Counsel's fees and costs.  Class Counsel will advise the Claims Administrator of how the amount is to be allocated amongst the firms comprising Class Counsel and Defendants will have no responsibility whatsoever for this allocation.

(D)   Should the Settlement not become Final, Class Counsel will, within five (5) days of receiving such request, promptly return all sums distributed as attorneys' fees and expenses to Defendants.

(E)   Payment of Class Counsel's fees and costs as set forth in this Settlement Agreement and the Court's Final Approval Order will constitute full and final satisfaction of any and all obligations by Defendants to pay any person, attorney or law firm (including but not limited to Class Counsel) for attorneys' fees, expenses or costs incurred on behalf of the Final Settlement Class and will relieve the Released Persons of any other claims or liability to any person for any attorneys' fees, expenses, and costs to which any person may claim to be entitled on behalf of the Settlement Class for this Litigation. Defendants will have no additional liability to Class Counsel for fees and costs, including without limitation, administrative costs, expert fees and costs, or attorneys' fees and costs.

**4.15   Service Payment.**

(A)   Class Counsel may also make an application to the Court for a one-time Service Payment award to Plaintiff, in recognition of the work

and services Ms. Graudins contributed to the case including, but not limited to, meetings with Class Counsel, assumption of risks, serving as a class representative, and related activities (including responding to discovery, sitting for a deposition, and attending the mediation). The Service Payment will not exceed seven thousand five hundred dollars ($7,500.00).  The final amount of the Service Payment will be determined by the Court.

(B)     The Claims Administrator will make the Service Payment to Plaintiff in the amount approved by the Court within the same time period for distributing Settlement Payment amounts to the Participating Settlement Class Members.

(C)     The Service Payment will be treated as non-wage income, and the Claims Administrator will issue a Form 1099 to Plaintiff reflecting the value of the payment.

## 5.     RELEASE OF CLAIMS; ASSIGNMENT

**5.1     Release of Claims.**

(A)     Effective as of the Final Effective Date, the Releasing Persons will be deemed to forever and fully release and discharge Defendants, and release and hold harmless the Released Persons, from any and all Pennsylvania wage-related claims of any kind, including but not limited to any claims pursuant to the PMWA and PWPCL that any of the Releasing Persons has, had, might have or might have had against any of the Released Persons based on any act or omission that during the Class Period, in any way related to any of the facts or claims that were alleged or that could have been alleged in the Litigation or by reason of the negotiations leading to this Settlement, even if presently unknown or un-asserted (the "Released Claims").

(B)     The Releasing Persons further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated damages, other damages, penalties, or any other form of relief based on any of the Released Claims asserted or settled in the Litigation which may arise out of, or in connection with any other individual, representative, class or any administrative remedies

pursued by any individual(s) or any federal, state or local governmental agency against any of the Released Persons. Releasing Persons further acknowledge and agree that they are precluded from pursuing any Released Claim Releasing Persons has, had, might have or might have had against any of the Released Persons based on any act or omission that occurred during the Class Period.

(C)   As of the Effective Date, all Participating Settlement Class Members will be deemed to forever and fully release and discharge Defendants, and release and hold harmless the Released Persons, from any and all federal wage-related claims of any kind, including but not limited to any claims pursuant to the Fair Labor Standards Act that any Participating Settlement Class Member has, had, might have or might have had against any of the Released Persons based on any act or omission that during the Class Period that in any way related to any of the facts or claims that were alleged or that could have been alleged in the Litigation or by reason of the negotiations leading to this Settlement, even if presently unknown or un-asserted (the "Released Claims").

5.2   All members of the Settlement Class will be bound by the terms and conditions of this Settlement Agreement, the Final Approval Order, the judgment, and the releases set forth herein.

5.3   **Defendants' Releases.**   Upon the Effective Date, Defendants will conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge Plaintiff and Class Counsel ("Defendants' Released Persons") from any and all claims, counterclaims, crossclaims, complaints, charges, demands, actions, causes of action, judgments, debts, expenses, losses, liabilities, and obligations, including attorneys' fees, expenses and costs, arising from or related to the prosecution of the Litigation ("Defendants' Released Claims").

5.4   **Scope of Releases.**  The release and discharge set forth in Section 5 will not include the release or discharge of any rights or duties of the Parties arising out of this Settlement Agreement, including the express warranties and covenants contained herein.

**5.5**   **No Assignment.**   Plaintiff represents and warrants that she has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any part thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

## 6.   <u>NON-ADMISSION OF LIABILITY</u>.

**6.1**   By entering into this Settlement Agreement, Defendants in no way admit any violation of law or any liability whatsoever.

**6.2**   Likewise, by entering into this Settlement Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement.   Settlement of the Litigation, negotiation and execution of this Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Settlement Agreement or the settlement (a) are not evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in the Complaint filed in the Litigation; (b) are not an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding; and (c) are not an admission or evidence of the appropriateness of these or similar claims for class certification or administration or collective action treatment other than for purposes of administering this Settlement Agreement.

## 7.   <u>TERMINATION</u>.

**7.1**   **Grounds for Settlement Termination.**   Any Party may terminate the Settlement Agreement if the Court declines to enter the Final Approval Order or judgment in the form submitted by the Parties, or if a Court of Appeals reverses the entry of a Final Approval Order or judgment.

**7.2**   **Procedures for Termination.**   To terminate this Settlement Agreement as specified above, the terminating Party will give written notice to the other Party no later than fourteen (14) calendar days after the terminating Party learns that the applicable ground for termination has been satisfied.

**7.3**   **Effect of Termination.**

(1)   Should this Settlement Agreement be terminated pursuant to Section 7, this Settlement Agreement will not be offered,

received, or construed as an admission of any kind as to liability, damages, whether any class or collective is certifiable, or in any other matter by any Party. Neither the Settlement Agreement, any motions filed, settlement proposals exchanged by the Parties, nor Orders entered pursuant to the Settlement Agreement, will constitute an admission, finding or evidence that any requirement for representative litigation or certification as a class or collective action has been satisfied in this Litigation or any other action, except for the limited settlement purposes pursuant to the terms of the Settlement Agreement.

(B) If this Settlement Agreement is canceled, rescinded, terminated, voided, or nullified, or the settlement of the Litigation is barred by operation of law, is invalidated, is not approved or otherwise is ordered not to be carried out by any Court,

(1) the Settlement Agreement will have no force or effect, and no Party will be bound by any of its terms with respect to the terminating Parties;

(2) Defendants will have no obligation to make any payments to Plaintiff, any Participating Settlement Class Member, or Class Counsel, except that Defendant will be responsible for paying the Claims Administrator for services rendered up to the date the Claims Administrator is notified that the Settlement has been terminated; and

(3) any settlement class certified by the Court will be deemed decertified should the Settlement Agreement be terminated.

## 8.   **MISCELLANEOUS.**

## 8.1   **Parties' Authority**

(A) The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

(B) The Class Notice will advise all Class Members of the binding nature of the release, and that the release will have the same force

and effect upon members of the Settlement Class as if the Settlement Agreement were executed by each member of the Settlement Class.

8.2 **Advice of Counsel.** In entering into this Settlement Agreement, each Party represents and warrants that it has relied upon the advice of its attorneys, that it has completely read the terms of this Settlement Agreement, and that the terms of this Settlement have been explained to it by its attorneys. Each Party further represents and warrants that it fully understands and voluntarily accepts the terms of the Settlement.

8.3 **Admissibility.** This Settlement Agreement will be inadmissible as evidence in any proceeding, except as necessary to approve, interpret, or enforce this Settlement Agreement.

8.4 **Severability.** If any court with original or appellate jurisdiction over this Litigation issues a Final determination that any part of this Settlement Agreement is not enforceable, the Parties may (but will not be required to) jointly agree in writing to modify this Settlement Agreement to conform with such determination.

8.5 **Notices.** Any notice, demand or other communication under this Settlement Agreement (other than the Class Notice or other notices given at the direction of the Court) will be in writing and will be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid) or delivered by reputable express overnight courier, with a copy by email.

IF TO PLAINTIFF OR THE SETTLEMENT CLASS:

CONNOLLY WELLS & GRAY, LLP
Gerald D. Wells, III
Email: gwells@cwg-law.com
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone: (610) 822-3700

IF TO DEFENDANTS:

LITTLER MENDELSON, P.C.
Matthew J. Hank
Email:  mhank@littler.com
Three Parkway, 1601 Cherry Street, Suite 1400
Philadelphia, PA 19102-1321
Telephone: (267) 402-3068

**8.6   Cooperation between the Parties; Further Acts.**   The Parties will cooperate fully with each other and will use their best efforts to obtain the Court's approval of this Settlement Agreement and all of its terms.  Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Settlement Agreement.

**8.7   Entire Agreement.**   This Settlement Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties will be deemed merged into this Settlement Agreement.

**8.8   Binding Effect.**   This Settlement Agreement will be binding upon the Parties and, with respect to Settlement Class members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**8.9   Arm's Length Transaction; Materiality of Terms.**   The Parties have negotiated all the terms and conditions of this Settlement Agreement at arm's length.  All terms and conditions of this Settlement Agreement in the exact form set forth in this Settlement Agreement are material to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

**8.10   Captions.**   The captions or headings of the sections and paragraphs of this Settlement Agreement have been inserted for convenience of reference only and will have no effect upon the construction or interpretation of any part of this Settlement Agreement.

**8.11   Construction.**   The determination of the terms and conditions of this Settlement Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Settlement Agreement, and therefore the terms and conditions of this Settlement Agreement are not intended to be, and will not be, construed against any party by virtue of draftsmanship.

**8.12   Governing Law.**   This Settlement Agreement will in all respects be interpreted, enforced and governed by and under the laws of Pennsylvania, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law will govern.

**8.13   Continuing Jurisdiction.**   The Court will retain jurisdiction over the interpretation and implementation of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Settlement Agreement and of the settlement contemplated thereby.  The Court will not have jurisdiction to modify the terms of the Settlement Agreement or to increase Defendants' payment obligations hereunder without the Parties' agreement.

**8.14   Waivers, Modifications, Amendments to be in Writing.**   No waiver, modification or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, will be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement will not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Settlement Agreement, and such party, notwithstanding such failure, will have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

**8.15   When Agreement Becomes Effective; Counterparts.**   This Settlement Agreement will become effective upon its execution.  The Parties may execute this Settlement Agreement in counterparts, and execution in

counterparts will have the same force and effect as if Plaintiff and Defendants had signed the same instrument.

8.16  **Confidentiality.**  Plaintiff agrees that she will not publicize the terms of this Settlement Agreement, the negotiations with respect thereto, or other matters relating to the Litigation.  Notwithstanding the foregoing, Plaintiff may disclose information concerning payments made to her to members of her immediate families, and tax advisors who have first agreed to keep said information confidential and to not disclose it to others.  The foregoing will not prohibit or restrict such disclosure as is required by law or as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement Agreement, or prohibit or restrict Plaintiff from responding to any inquiry about this Settlement or its underlying facts and circumstances from any governmental agency.

8.17  **Press Releases.**  The Parties and their counsel will refrain from any public comment about this Settlement Agreement.  Class Counsel and  Plaintiff will not issue a press release or contact the media regarding the settlement of the claims related to this matter.  Class Counsel will not publicize the settlement on the internet for any purpose other than to communicate with their clients or to identify that they were Class Counsel in this litigation.  If the Parties or their counsel are contacted by the media, they will merely inform them that the case has been resolved to the satisfaction of all Parties.

## [SIGNATURES TO FOLLOW ON NEXT PAGE]

DATED: _2 -12 -16_                KOP Kilt, LLC

                                  By: _____

DATED: _____                    _____

                                  Victoria Graudins


                                  CONNOLLY  WELLS  &  GRAY,  LLP  as  Class
                                  Counsel


                                  By:_____
                                      Gerald D. Wells, III

- 29 -

DATED: _____        KOP Kilt, LLC

                     By:_____

DATED: 2|9|16        Victoria Graudins

                     CONNOLLY WELLS & GRAY, LLP as Class
                     Counsel

                     By:_____
                          Gerald D. Wells, III

DATED: _____              KOP Kilt, LLC

                           By:_____

DATED: 2|9|16              *[signature: Victoria Graudins]*
                           Victoria Graudins


                           CONNOLLY WELLS & GRAY, LLP as Class
                           Counsel

                           By:_____
                             Gerald D. Wells, III

- 29 -

# EXHIBIT 1

# NOTICE OF PENNSYLVANIA CLASS AND COLLECTIVE ACTION SETTLEMENT

**YOU ARE NOT BEING SUED**

**A FEDERAL COURT AUTHORIZED THIS NOTICE.  THIS IS NOT A SOLICITATION FROM A LAWYER.**

**CASE NAME AND DOCKET NUMBER:**      **VICTORIA GRAUDINS V. KOP KILT, LLC, ET AL.,**

**DOCKET NO.: 2:14-CV-02589**

**TO:**      **ALL EMPLOYEES OF THE TILTED KILT PUB IN KING OF PRUSSIA, PENNSYLVANIA PAID ON A TIPPED BASIS AT ANY TIME BETWEEN MARCH 28, 2012 AND JULY 2, 2015 WHO WORKED IN AT LEAST ONE OF THESE ROLES:  AS A BARTENDER, BUSSER, RUNNER, WAITRESS/SERVER (a.k.a. "ENTERTAINERS") AND CERTAIN QUALIFYING BAR BACKS**

**PLEASE READ THIS NOTICE CAREFULLY, AS IT MAY AFFECT YOUR LEGAL RIGHTS TO RECEIVE PAY RELATED TO AND/OR RESULTING FROM THE POLICIES AND/OR PRACTICES ARISING FROM YOUR EMPLOYMENT WITH THE TILTED KILT PUB.**

**IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT OF THIS CLASS ACTION AND RECEIVE MONEY, YOU MUST COMPLETE AND RETURN THE CLAIM FORM AND RELEASE POSTMARKED ON OR BEFORE _____, ___.**

**IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, OR IF YOU DECIDE NOT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS PROVIDED IN THIS NOTICE.  IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT, YOU MUST PREPARE AND SUBMIT TO THE CLAIMS ADMINISTRATOR A REQUEST FOR EXCLUSION LETTER POSTMARKED ON OR BEFORE _____ __, ___, OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.**

| 1. | Why is this notice being sent? |
|---|---|

This notice is to inform you of a Class Action Settlement in the case *Graudins v. KOP Kilt, LLC, et al,* Case No. 2:14-cv-02589-RBS, pending in the United States District Court for the Eastern District of Pennsylvania ("Lawsuit").  All capitalized terms in this Class Notice are defined in the Settlement Agreement, which is available at www.TippedEmployeeSettlement.com.  If terms are insufficiently identified, discussed or defined in this Notice or if any terms of this Notice conflict with the Settlement Agreement, the terms of the Settlement Agreement shall prevail.

The Plaintiff Victoria Graudins ("Plaintiff") filed suit against KOP Kilt, LLC d/b/a The Tilted Kilt Pub ("TKP") and others (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  Prior to the sending of this notice, but after completing a significant amount of discovery, Plaintiff dismissed her claims against everyone except KOP Kilt, LLC ("Defendant"). The Plaintiff seeks to represent a class of individuals who worked at the Tilted Kilt Pub, located in King of Prussia, Pennsylvania, between March 28, 2012 and July 2, 2015 in one or more of the following positions: bartender, waitress/server (referred to by Defendant as "Entertainers"), busser, runner, and certain qualifying individuals who worked in a bar back role (collectively referred to herein as "Tipped Employees"). According to Defendant's records, you were a Tipped Employee and worked one or more weeks at the TKP during the Class Period.  The Plaintiff alleged that Defendant failed to properly pay Tipped Employees by, among other things, (i) failing to satisfy the notice requirements of the tip credit provisions in federal and state law; (ii) failing to ensure Tipped Employees earned the mandated minimum wage when taking the tip credit; (iii) requiring Tipped Employees to use their tips to reimburse Defendant for cash shortages; and (iv) failing to pay Tipped Employees for all time worked, including time spent donning and doffing their uniforms, attending promotional events on behalf of Defendant, and attending mandatory pre-shift meetings.

Defendant expressly denies any liability or wrongdoing of any kind associated with the claims in the litigation. Defendant contends that it complied with applicable federal and state law at all times.

After extensive negotiations, the Parties (Plaintiff and Defendant) have reached a settlement of the Lawsuit (the "Settlement Agreement").  By entering into the settlement agreement, Defendant does not admit any liability or wrongdoing and represents that it entered into this agreement solely for the purpose of avoiding the costs and disruption of further litigation.

The Court has granted preliminary approval of the Settlement and has scheduled a hearing on____ at_____in_____to determine whether to grant final approval.

**IF YOU ARE ONE OF THE INDIVIDUALS DESCRIBED IN THIS NOTICE WHO IS AFFECTED BY THE PROPOSED SETTLEMENT, YOU MAY GET MONEY FROM THIS SETTLEMENT. <u>TO RECEIVE THE FULL AMOUNT TO WHICH YOU MAY BE ENTITLED, YOU MUST COMPLETE AND SUBMIT THE ENCLOSED "CLAIM FORM" TO THE CLAIMS ADMINISTRATOR, THE ANGEION GROUP (THE "CLAIMS ADMINISTRATOR") POSTMARKED BY [60 DAYS AFTER MAILING].</u> PLEASE SEE THE ATTACHED FORM FOR ADDITIONAL INFORMATION.**

| | |
|---|---|
| **2.** | **Who is affected by the proposed Settlement?** |

The Lawsuit was filed as a class action. In a class action, one or more people called "class representatives" (here, Plaintiff Victoria Graudins) sue on behalf of people who allegedly have similar claims. This group is called a "class" and the persons included are called "class members." One court resolves the issues for all of the class members, except for those who exclude themselves from the class. Here, the Court has certified a class action for settlement purposes only.

The Plaintiff is serving as the Class Representative for a settlement class of approximately 250 Tipped Employees who worked at TKP during the applicable Class Period, March 28, 2012 through July 2, 2015.

| | |
|---|---|
| **3.** | **What is this case about?** |

Plaintiff brought the Lawsuit alleging that Defendant failed to properly pay Tipped Employees both the applicable minimum wage and for all hours worked.  As set forth in the Complaint, Plaintiff alleges that Defendant (i) failed to satisfy the notice requirements of the tip credit provisions in federal and state law (and thus should have paid Tipped Employees the full minimum wage of $7.25 for every hour worked); (ii) failed to ensure Tipped Employees earned the mandated minimum wage when taking the tip credit (due to Tipped Employees sometimes earning little to no tips during their shift(s)); (iii) required Tipped Employees to use their tips to reimburse Defendant for cash shortages (including for customer walk-outs); and (iv) failed to pay Tipped Employees for all time worked, including time spent donning and doffing their uniforms, attending promotional events on behalf of Defendant (such as sporting events and/or golf outings), and attending mandatory pre-shift meetings before clocking in.

The parties in this Litigation disagree as to the probable outcome of the Lawsuit with respect to all issues if it were not settled. While the Plaintiff was prepared to proceed with litigating the case described above, the Plaintiff recognizes that litigating is a risky proposition and that she may not have prevailed on any or all of her claims.  Defendant expressly denies any wrongdoing or legal liability.

This Settlement is the result of good-faith, arms-length negotiations between the Plaintiff and Defendant, through their respective attorneys. Both sides agree that, in light of the risks and an expense associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Settlement Class.

| | |
|---|---|
| **4.** | **What are my options?** |

You have four options with regard to this Settlement. You can: 1) participate in the Settlement in full by filing the enclosed Claim Form; 2) object to the Settlement; 3) exclude yourself from the Settlement by mailing a request to opt out; or 4) do nothing. Details about each option and how each option will affect your rights under the law are explained below.

| | |
|---|---|
| **5.** | **What are the terms of the proposed Settlement?** |

While it denies any liability whatsoever, under the Settlement Agreement, Defendant will pay a total of Three Hundred Thousand Dollars ($300,000.00) to settle this Litigation ("Maximum Gross Settlement Amount").  The Maximum Gross Settlement Amount will be used to cover all payments to Participating Settlement Class Members, fees and expenses incurred by the Claims Administrator in administering this Settlement, attorneys' fees and expenses of Class Counsel (as awarded by the Court), and any Service Payment to Plaintiff (as awarded by the Court).

The Maximum Gross Settlement Amount will be divided amongst the Settlement Class Members who elect to participate in the Settlement by timely submitting valid Claim Forms ("Participating Settlement Class Members"). The Claims Administrator will calculate Settlement Payments for Participating Settlement Class Members in four steps. First, the Claims Administrator will deduct from the Maximum Gross Settlement Amount the following amounts as awarded or permitted by the Court: (i) Class Counsel's attorneys' fees and expenses, (ii) the Service Payment, if any, to the Plaintiff, and (iii) the fees and expenses of the Claims Administrator. The resulting number will be referred to as the "Net Settlement Amount." Next, the Claims Administrator will multiply the difference between the full minimum wage ($7.25) and the hourly rate actually paid by Defendant to each Participating Settlement Class Member by the number of hours worked during the Class Period by that individual (for example: $7.25 - $2.83 = $4.42 x 100 hours worked = $442.00). This number will be referred to as the "Participating Individual Damage Amount." The Participating Individual Damage Amount for all Participating Settlement Class Members will then be added together by the Claims Administrator to determine the "Participating Settlement Class Members' Total Damage Amount." Then, the Claims Administrator will divide the Net Settlement Amount by the Participating Settlement Class Members' Total Damage Amount. Finally, the resulting fractional amount will be multiplied by the Participating Individual Damage Amount to determine that Participating Settlement Class Member's Settlement Payment. An estimate of the amount you will receive, should you complete and submit a valid and timely Claim Form, is included with this Notice Packet. This estimate is based on the number of hours recorded in Defendant's timekeeping system. If you wish to challenge the estimated calculation of your Settlement Payment, you must submit a written, signed declaration to the Claims Administrator for receipt by the Claims Administrator on or before the Bar Date. The Claims Administrator will resolve the challenge and make a final and binding determination without hearing or right of appeal. Please provide the Claims Administrator with any and all documents that support your claim.

Please be advised that the exact amount to be received by each Participating Settlement Class Member cannot be determined until the final number of Participating Settlement Class Members has been ascertained after the Court determines how many individuals submitted completed valid and timely Claim Forms.

As part of the Maximum Gross Settlement Amount, and in addition to any amount recoverable as a Participating Settlement Class Member, Defendant has agreed to pay Plaintiff Graudins up to Seven Thousand Five Hundred Dollars ($7,500.00) in recognition of the risk Plaintiff took in bringing this Lawsuit and efforts she expended in prosecuting and resolving the Litigation by, among other things, preparing for and attending the mediation and sitting for her deposition. The actual amount, if any, of the Service Payment Plaintiff will receive will be decided by the Court after it considers risks Plaintiff incurred and the benefits she helped obtain for Settlement Class Members.

| 6. | Who represents the Parties? |
|---|---|

*Plaintiff and Settlement Class Members*:

Arkady "Eric" Rayz
Kalikhman & Rayz,
LLC 1051 County
Line Road Suite A
Huntingdon Valley, PA 19006
Phone: (215) 364-5030
Facsimile: (215) 364-5029

Gerald D. Wells , III
Connolly Wells & Gray, LLP
2200 Renaissance Boulevard
Suite 308
King Of Prussia, PA 19406
Phone: (610) 822-3700
Facsimile: (610) 822-3800

*KOP Kilt, LLC d/b/a The Tilted Kilt Pub*

Matthew J. Hank
Holly E. Rich
Alexa J. Laborda Nelson
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street
Suite 1400
Philadelphia, PA 19102
Phone: (267) 402-3000
Facsimile: (267) 402-3131

| 7. | How will the attorneys for the class be paid? |
|---|---|

Class Counsel, as defined in the Settlement Agreement, will request an award of fees that does not exceed one-third of the Maximum Gross Settlement Amount (One Hundred Thousand Dollars ($100,000.00)), plus reimbursement of out-of-pocket expenses.  Any attorneys' fees and costs awarded in conjunction with the Settlement shall be paid from the Maximum Gross Settlement Amount.  Any fees and costs awarded by the Court in connection with this Settlement shall include and constitute satisfaction of the entire amount of attorneys' fees and costs awarded by the Court, and shall be distributed by the Claims Administrator after the Court makes a determination regarding the amount of any fees and costs to be awarded. Settlement Class Counsel's Motion for Attorneys' Fees and Costs will be a public document filed with the Court.  Once filed, Settlement Class Counsel's Motion will be available on the following website:  www.TippedEmployeeSettlement.com.  The actual amount awarded will be determined by the Court to ensure that the amount of attorneys' fees and costs are reasonable.

| 8. | How do I participate in the Settlement and what happens if I do participate? |
|---|---|

**To receive a distribution from the Maximum Gross Settlement Amount, you must complete, sign and return the enclosed Claim Form by mailing it to the Claims Administrator, postmarked no later than by [Date 60 Days after mailing].**  If the Court approves the Settlement, you will receive a distribution amount calculated as described in Section 5.  The Claim Form is enclosed with this Notice and may also be obtained by contacting the Claims Administrator at the address or phone number that appears at the end of this notice.

Should you choose to return your Claim Form and participate in the Settlement, and if the Court grants final approval of the Settlement, you will be deemed by the Court to have fully and irrevocably released and waived any and all state and federal wage claims you may have against Defendant for known and unknown acts during the Class Period.  You will be unable to bring any claim against Defendant that is included in the Release of Claims listed on the Claim Form.  The full release is contained in the Claim Form.

If you submit a valid Claim Form, you will receive your Settlement check for your distribution from the Maximum Gross Settlement Amount after final approval and after the Settlement becomes effective.

| 9. | How quickly must I act to participate in the Settlement? |
|---|---|

To join the Lawsuit and receive a distribution from the Maximum Gross Settlement Amount, you must properly complete and timely submit the enclosed Claim Form to the Claims Administrator. **THE CLAIM FORM MUST BE POSTMARKED OR RECEIVED BY THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH BELOW ON OR BEFORE [DATE 60 DAYS AFTER MAILING].**

| 10. | What if I choose to object to the Settlement? |
|---|---|

You can object to the terms of the settlement before final approval. However, if the Court approves the settlement, you will still be bound by the terms of the settlement. You may both object to the settlement and participate in it, but you must timely file a Claim Form to receive your distribution from the Maximum Gross Settlement Amount.

To object, you must submit a written objection, along with any supporting documents or materials, postmarked on or before [**DATE 60 DAYS AFTER MAILING**] to the Claims Administrator. [Jerry, I modified that language to be consistent with the SA.] Any Settlement Class member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the Service Payment to the Plaintiff, the claims process, and any and all other aspects of the Settlement.

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE YOUR FULL SHARE OF THE SETTLEMENT, YOU MUST STILL TIMELY FILE YOUR CLAIM FORM AS STATED ABOVE. IF THE COURT APPROVES THE SETTLEMENT DESPITE YOUR OR ANY OTHER OBJECTION AND YOU HAVE NOT SUBMITTED A CLAIM FORM, YOU WILL NOT RECEIVE ANY PROCEEDS AND YOU WILL STILL BE BOUND BY THE RELEASE SET FORTH IN THE SETTLEMENT AGREEMENT.**

| **11.** | **What if I choose to exclude myself from or "opt out" of the Settlement?** |
|---|---|

You may exclude yourself from the Settlement by submitting a Request for Exclusion (opting-out of the Settlement). Settlement Class Members who wish to exercise this option must send a letter by mail to the Claims Administrator that states: "I request to be excluded from the settlement in *Graudins v. KOP Kilt, LLC, et al.*, Case No. 2:14-CV-02589 (E.D. Pa.). I affirm that I was employed by Defendant as a Tipped Employee on one or more days between March 28, 2012 and July 2, 2015." Any Class Member who wishes to opt-out must also include his or her full name, address, and telephone number. Class Members may not exclude themselves by telephone, fax, or email. Fully completed and properly executed Request for Exclusions must be postmarked on or before [60 days after mailing]. If you submit a Request for Exclusion but also submit a valid Claim Form, you will receive a Cure letter seeking clarification. Should clarification not be received, the later mailed document will govern and if it cannot be ascertained which document was later mailed, the Claim Form will govern and the individual will be bound by the terms of the release set forth on Claim Form.

If you timely complete and submit a Request for Exclusion, you will not participate in these proceedings, or receive any money from the Settlement. If you opt out, you will not be subject to the Release of Claims set forth in the Settlement Agreement and Claim Form. **Please note that unless you submit a Request for Exclusion, the release of claims contained in the Settlement Agreement will have the same force and effect upon the Settlement Class as if the Settlement Agreement were executed by each member of the Settlement Class.**

| **12.** | **What if I do nothing?** |
|---|---|

**If you do nothing, you will not receive any distribution from the Maximum Gross Settlement Amount and you will still be bound by the Release of Claims set forth in the Settlement Agreement. In short, you will be precluded from asserting any wage claims against Defendant under Pennsylvania state law based on the facts asserted in the Complaint.**

You are strongly encouraged to make a decision as to whether you wish to participate in the Settlement and receive a distribution from the Maximum Gross Settlement Amount and to return the appropriate form within the allotted time period.

| **13.** | **When and where will the Court decide whether to approve the settlement?** |
|---|---|

The Court will hold a Final Approval Hearing at _____a.m. on _____, 2016, at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, in Courtroom___. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 10 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

| **14.** | **Do I have to attend the Final Approval Hearing?** |
|---|---|

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear at your own expense.

| 15. | Who can answer questions regarding the Settlement? |
|---|---|

      This Notice only summarizes the Settlement terms for the Lawsuit.  For more information about the settlement or if you have any questions regarding the settlement, you may contact your Class Counsel, Connolly Wells & Gray, LLP at:

Gerald D. Wells, III

Connolly Wells & Gray, LLP

2200 Renaissance Boulevard, Suite 308

King Of Prussia, PA 19406

Phone: (610) 822-3700

Email: gwells@cwg-law.com

The information contained in this Notice posted on a website:

[http://www.TippedEmployeeSettlement.com]

The Claims Administrator may be contacted as follows:

Angeion Group

1801 Market Street, Suite 660

Philadelphia, PA 19103

Phone:  (215) 563-4116

***Do not contact the Court directly about this matter.***

***The Court cannot provide you with legal advice or any opinion regarding the lawsuit or the proposed settlement.***

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICTORIA GRAUDINS, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>           v.<br><br>KOP KILT, LLC d/b/a/ THE TILTED KILT PUB;   VINCENT   PIAZZA;   and   DOE DEFENDANTS 1-10,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.: 14-2589 |

**ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS AND COLLECTIVE ACTION SETTLEMENT**

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Settlement seeking preliminary approval of the settlement (the "Settlement") of this class action asserting alleged violations of Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL"), and collective action asserting alleged violations of the Fair Labor Standards Act ("FLSA").  The terms of the Settlement are set out in the Joint Stipulation of Settlement and Release Agreement ("Settlement Agreement") that has been executed by Plaintiff and Defendant and filed with the Court.  Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

The Court, having considered the requirements of Federal Rule of Civil Procedure 23 and the papers and Memorandum of Law filed in support of Plaintiff's Motion to Preliminarily Approve Settlement ("Preliminary Approval Motion"), including specifically the parties' Settlement Agreement, hereby ORDERS as follows:

## I.     CLASS FINDINGS

The Court PRELIMINARILY FINDS, for purposes of this Settlement, that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met as to the proposed Settlement Class, in that:

a)      The Settlement Class numbers over 250 and, therefore, is so numerous that joinder would be impracticable;

b)      Based on the allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Class.  Plaintiff alleges that Defendant failed to properly pay Tipped Employees by, among other things, (i) failing to satisfy the notice requirements of the tip credit provisions in federal and state law; (ii) failing to ensure Tipped Employees earned the mandated minimum wage when taking the tip credit; (iii) requiring Tipped Employees to use their tips to reimburse Defendant for cash shortages; and (iv) failing to pay Tipped Employees for all time worked, including time spent donning and doffing their uniforms, attending promotional events on behalf of Defendant, and attending mandatory pre-shift meetings.

c)      The Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiff and the nature of her claims are consistent with those of all members of the Settlement Class; (ii) there appear to be no conflicts between or among the Plaintiff and the members of the Settlement Class; and (iii) the Plaintiff and the members of the Settlement Class are represented by qualified counsel who are experienced in preparing and prosecuting complex class actions;

d)      The prosecution of separate actions by individual members of the Settlement Class would create a risk of:  (i) inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for the parties opposing the claims asserted in the case; and (ii) adjudications as to individual members of the

3

Settlement Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those person' ability to protect their interests; and

e)      Common issues of law and fact predominate over any potential individual issues, as the predominant issue is whether Defendant paid Tipped Employees in accordance with applicable wage laws.

## II.      **CLASS CERTIFICATION**

Based on the findings set out above, the Court hereby certifies the following Class:

> Any current or former Tipped Employee employed by Defendant at the Tilted Kilt Pub located in King of Prussia, Pennsylvania at any time between March 28, 2012 and July 2, 2015, who does not otherwise exclude themselves per the terms of the Settlement Agreement.  Excluded from the Settlement Class are all persons who validly submit a Request for Exclusion from the Settlement Class.

As noted above, Plaintiff Victoria Graudins is an adequate and typical class representative, and the Court hereby appoints her as class representative for the Settlement Class.

As required by Fed. R. Civ. P. 23(g), the Court also has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this case; (iii) Class Counsel's knowledge of applicable wage laws, including the FLSA, PMWA, and PWPCL, and how those laws apply to the claims in this cases; and (iv) the resources Class Counsel has committed to representing Plaintiff in this case.  Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class.  Accordingly, pursuant to Fed. R. Civ. P. 23(g)(2), the Court designates Connolly Wells & Gray, LLP and Kalikhman and Rayz, LLC as Class Counsel with respect to the Settlement Class.

### III.   PRELIMINARY APPROVAL OF SETTLEMENT

The proposed settlement between the parties documented in the Settlement Agreement appears to be fair, reasonable and adequate and in the best interests of the Settlement Class.  As such, the proposed settlement is hereby preliminarily approved pending a final hearing on the settlement as provided herein.  In addition, as set forth in Plaintiff's motion, the Parties have agreed upon Angeion Group ("Angeion") to serve as the Settlement's "Claims Administrator." Based on the Parties' representation, the Court approves the appointment of Angeion as the Claims Administrator.

### IV.   FINAL APPROVAL HEARING

A Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled for _____, 2016, in Courtroom _____, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106, to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should receive final approval by the Court; whether the Settlement Class and its representation by the Plaintiff and Class Counsel satisfy the requirements of Fed. R. Civ. P. 23; whether Class Counsel's application for an award for attorneys' fees and reimbursement of litigation expenses and service award for Plaintiff should be granted; and any other issues necessary for final approval of the Settlement.

### V.   CLASS NOTICE

The Court hereby APPROVES Class Notice substantially in the same form and with the same content as that attached hereto as "Exhibit A," finding that it fairly and adequately (i) describes the terms and effect of this Settlement Agreement, (ii) provides notice to the Settlement Class of the time and place of the Final Approval Hearing and (iii) describes how the recipients of the Class Notice may object to the Settlement.  The Court further finds that serving

the Class Notice to the members of the Settlement Class is the best notice practicable under the circumstances, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law.  The Court hereby also APPROVES the Claim Form substantially in the same form and with the same content as that attached hereto as "Exhibit B."

As such, the Court directs the Claims Administrator to mail the Notice Packet to Class Members in accordance with the terms of the Settlement Agreement.  Further, the Parties are directed to establish a website for Class Members to view applicable documents and Court orders in accordance with the Settlement Agreement and as set forth in the Class Notice.  Finally, pursuant to the terms of the Settlement Agreement, Defendant shall post a copy of the Class Notice in the Restaurant.

## VI.   REQUESTS FOR EXCLUSION

Members of the Class may exclude themselves from the Settlement by sending a letter by mail to the Claims Administrator, that is postmarked on or before the Bar Date, that states "I request to be excluded from the settlement in Graudins v. KOP Kilt, LLC, et al., Case No. 2:14-CV-02589 (E.D. Pa.).  I affirm that I was employed by Defendant as a Tipped Employee on one or more days between March 28, 2012 and July 2, 2015."  To be considered valid, the Request for Exclusion must also include the individual's full name, address and phone number.

## VII.   OBJECTIONS TO SETTLEMENT

Class Members may choose to object to the fairness, reasonableness or adequacy of the Settlement by submitting written objections to the Claims Administrator. All objections to the Settlement must be sent no later than the Bar Date.

Objections, and any other papers submitted for the Court's consideration in connection with issues to be addressed at the Final Approval Hearing shall be submitted to:

6

Tipped Employee Settlement
c/o Claims Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103

Upon receipt of any objection, the Claims Administrator shall follow the procedures set forth in the Settlement Agreement regarding notifying counsel for the Parties.  Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

Any member of the Settlement Class who files and serves a timely, written objection pursuant to the terms of this Order may also appear at the Final Approval Hearing in person or through counsel retained at that individual's expense.  Class Counsel and Defendant's Counsel should be prepared at the Final Approval Hearing to respond to any objections filed by Class Members.

## VIII.   MOTION IN SUPPORT OF FINAL SETTLEMENT APPROVAL, APPLICATION FOR FEE, EXPENSES AND SERVICE PAYMENT

Plaintiff's Motion in Support of Final Approval of Settlement and related relief shall be filed with the Court and served on all counsel of record at least thirty (30) calendar days prior to the Final Approval Hearing, or no later than _____, 2016.  Further, any application by Class Counsel for attorneys' fees and reimbursement of litigation expenses and for a Service Payment for the Named Plaintiff, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least thirty (30) calendar days prior to the Final Approval Hearing, or no later than _____, 2016.  Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on the website identified in the Class Notice.

Until such time as the Court can make a final determination as to the propriety of the Settlement at the Final Approval Hearing, the Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

**IX.    DISMISSAL OF ADDITIONAL DEFENDANTS**

Pursuant to Section 3.1 of the Settlement Agreement, Defendant Vincent Piazza and the Doe Defendants are dismissed with prejudice.


**SO ORDERED**

BY THE COURT:


_____

**R. BARCLAY SURRICK, U.S.D.J.**

8

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA GRAUDINS, on behalf of herself and all others similarly situated,      ) | Civil Action No.: 14-2589 |

VICTORIA GRAUDINS, on behalf of herself and all others similarly situated,   )
  )   Civil Action No.: 14-2589
  )
                    Plaintiff,   )
  )
          v.   )
  )
KOP KILT, LLC d/b/a/ THE TILTED KILT   )
PUB; VINCENT PIAZZA; and DOE   )
DEFENDANTS 1-10,   )
  )
               Defendants.   )
  )
  )

## <u>FINAL APPROVAL ORDER AND JUDGMENT</u>

Upon consideration of the Parties' request for final approval of the Joint Stipulation of Settlement and Release Agreement ("Settlement Agreement") between Plaintiff, Victoria Graudins ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, KOP Kilt, LLC d/b/a The Tilted Kilt Pub ("TKP"), the Court orders and finds as follows:

1.      Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class Members, and Defendant.

3.      The Court determines that the Plaintiff is asserting claims on behalf of herself and the Settlement Class for violations of applicable wage laws, including the Pennsylvania Minimum Wage Act ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("PWPCL").

2

4.      The Court determines that the Settlement, which includes the payment of Three Hundred Thousand U.S. Dollars, $300,000.00 on behalf of Defendant ("Maximum Gross Settlement Amount"), has been negotiated vigorously and at arm's length by and between Class Counsel and Defendant's Counsel under the supervision of the Hon. Diane M. Welsh (Ret.), an experienced mediator in employment and other complex class actions.  The Court further finds that at all times the Plaintiff has acted independently and that the Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class in connection with the Litigation and the Settlement.  The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5.      The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order and in accordance with the Settlement Agreement, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts.  The Class Notice, along with the posting of the Class Notice on the website identified in the Class Notice and the posting of the Class Notice at the Restaurant, provides valid, due and sufficient notice of the Final Approval Hearing and of the other matters set forth therein, including the terms of the Settlement Agreement and the Settlement, and thus the Class Notice has satisfied the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

6.      Pursuant to Fed. R. Civ. P. 23(b)(3), the Court previously certified a Settlement Class consisting of: Any current or former Tipped Employee employed by Defendant at the Tilted Kilt Pub located in King of Prussia, Pennsylvania between March 28, 2012 and July 2,

2015, who does not otherwise exclude themselves per the terms of the Settlement Agreement. No evidence has been submitted to the Court that alters the Court's determination that certification of the Settlement Class is appropriate.  As such, the Court hereby approves the maintenance of the Litigation as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).  In addition, pursuant to Federal Rule of Civil Procedure 23(g), the Court also hereby appoints the Plaintiff as the representative of the Settlement Class and Kalikhman and Rayz, LLC and Connolly Wells & Gray, LLP as Class Counsel.

7.     On _____, 2016, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited.  Excluded from the Settlement Class are those persons, identified in Exhibit "A" hereto, who timely and validly submitted a Request for Exclusion.

8.     The Court has duly considered and rejected any objections to the Settlement Agreement that were filed.  The Court specifically considered each objection and points raised therein.  Upon consideration of the objections, the Court holds that no objection raises the types of issues that prevent approval of the Settlement embodied in the Settlement Agreement.

9.     The Court finds that the Settlement is fair, reasonable, and adequate and hereby finally approves the Settlement Agreement submitted by the Parties, including the Release of Claims set forth in Section 5 of the Settlement Agreement.

10.    Based on the Settlement, the Court hereby dismisses the Complaint and the Litigation against Defendant with prejudice on the merits and judgment is entered pursuant to Federal Rule of Civil Procedure 54(b).

11.    As of the Effective Date, all release provisions within the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and

provisions including the Release of Claims set forth in the Settlement Agreement.  As set forth in the Settlement Agreement, only Participating Settlement Class Members are deemed to have released their claims under the Fair Labor Standards Act.

12.     Class Counsel are hereby awarded attorneys' fees in the amount of _____ (the "Attorneys' Fees").  The Attorneys' Fees have been determined by the Court to be fair, reasonable, and appropriate.  No other fees may be awarded to Class Counsel in connection with the Settlement Agreement absent subsequent Order of this Court.  Attorneys' Fees shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

13.     Class Counsel are hereby awarded reimbursement of expenses in the sum of _____ (the "Attorneys' Expenses").  The Attorneys' Expenses have been determined by the Court to be fair, reasonable, and appropriate.  No other costs or expenses may be awarded to Class Counsel in connection with the Settlement Agreement absent subsequent Order of this Court.  Attorneys' Expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

14.     The Court hereby further finds that the administrative expenses incurred by the Claims Administrator in administering this Settlement are necessary and reasonable.  Accordingly, the Court hereby orders all such expenses to be paid in accordance with the terms of the Settlement Agreement.

15.     The Plaintiff is hereby awarded a Service Payment in the amount of _____.  The Service Payment has been determined by the Court to be fair, reasonable, and appropriate.  The Plaintiff is also eligible for a share of the payment from the Maximum Gross Settlement Amount as a member of the Settlement Class.  Other than these

payments, no other award shall be awarded to the Plaintiff in connection with the Settlement Agreement.

16.     Defendant is hereby ordered to pay all other amounts as set forth in the Settlement Agreement.

17.     No other amounts, not otherwise set forth in this Order, authorized by this Court or permitted or required under the Settlement Agreement, shall be paid from the Maximum Gross Settlement Amount.

18.     The Court finds that the distribution of the Maximum Gross Settlement Amount to Participating Settlement Class Members as submitted by the Parties is approved as fair, reasonable, and adequate.   The Maximum Gross Settlement Amount shall be distributed in accordance with the terms set forth in the Settlement Agreement.

19.     In the event that the Settlement Agreement is terminated in accordance with its terms, this Order and Judgment shall be rendered null and void, ab initio, and shall be vacated nunc pro tunc, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the execution of the Settlement Agreement.  The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

20.     The Court retains exclusive jurisdiction to enforce the terms and provisions of the Settlement Agreement and this Order.

21.     The Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

**SO ORDERED**

BY THE COURT:

_____

**R. BARCLAY SURRICK, U.S.D.J.**

6