UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA GRAUDINS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOP KILT, LLC d/b/a/ THE TILTED KILT PUB; VINCENT PIAZZA; and DOE DEFENDANTS 1-10,<br><br>Defendants. | Civil Action No.: 14-2589 |

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS AND COLLECTIVE ACTION SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Settlement seeking preliminary approval of the settlement (the "Settlement") of this class action asserting alleged violations of Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL"), and collective action asserting alleged violations of the Fair Labor Standards Act ("FLSA"). The terms of the Settlement are set out in the Joint Stipulation of Settlement and Release Agreement ("Settlement Agreement") that has been executed by Plaintiff and Defendant and filed with the Court. Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

The Court, having considered the requirements of Federal Rule of Civil Procedure 23 and the papers and Memorandum of Law filed in support of Plaintiff's Motion to Preliminarily Approve Settlement ("Preliminary Approval Motion"), including specifically the parties' Settlement Agreement, hereby ORDERS as follows:

I. **CLASS FINDINGS**

The Court PRELIMINARILY FINDS, for purposes of this Settlement, that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met as to the proposed Settlement Class, in that:

a) The Settlement Class numbers over 250 and, therefore, is so numerous that joinder would be impracticable;

b) Based on the allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Class. Plaintiff alleges that Defendant failed to properly pay Tipped Employees by, among other things, (i) failing to satisfy the notice requirements of the tip credit provisions in federal and state law; (ii) failing to ensure Tipped Employees earned the mandated minimum wage when taking the tip credit; (iii) requiring Tipped Employees to use their tips to reimburse Defendant for cash shortages; and (iv) failing to pay Tipped Employees for all time worked, including time spent donning and doffing their uniforms, attending promotional events on behalf of Defendant, and attending mandatory pre-shift meetings.

c) The Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiff and the nature of her claims are consistent with those of all members of the Settlement Class; (ii) there appear to be no conflicts between or among the Plaintiff and the members of the Settlement Class; and (iii) the Plaintiff and the members of the Settlement Class are represented by qualified counsel who are experienced in preparing and prosecuting complex class actions;

d) The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for the parties opposing the claims asserted in the case; and (ii) adjudications as to individual members of the

Settlement Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those person' ability to protect their interests; and

e) Common issues of law and fact predominate over any potential individual issues, as the predominant issue is whether Defendant paid Tipped Employees in accordance with applicable wage laws.

## II. CLASS CERTIFICATION

Based on the findings set out above, the Court hereby certifies the following Class:

> Any current or former Tipped Employee employed by Defendant at the Tilted Kilt Pub located in King of Prussia, Pennsylvania at any time between March 28, 2012 and July 2, 2015, who does not otherwise exclude themselves per the terms of the Settlement Agreement. Excluded from the Settlement Class are all persons who validly submit a Request for Exclusion from the Settlement Class.

As noted above, Plaintiff Victoria Graudins is an adequate and typical class representative, and the Court hereby appoints her as class representative for the Settlement Class.

As required by Fed. R. Civ. P. 23(g), the Court also has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this case; (iii) Class Counsel's knowledge of applicable wage laws, including the FLSA, PMWA, and PWPCL, and how those laws apply to the claims in this cases; and (iv) the resources Class Counsel has committed to representing Plaintiff in this case. Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Fed. R. Civ. P. 23(g)(2), the Court designates Connolly Wells & Gray, LLP and Kalikhman and Rayz, LLC as Class Counsel with respect to the Settlement Class.

### III. PRELIMINARY APPROVAL OF SETTLEMENT

The proposed settlement between the parties documented in the Settlement Agreement appears to be fair, reasonable and adequate and in the best interests of the Settlement Class. As such, the proposed settlement is hereby preliminarily approved pending a final hearing on the settlement as provided herein. In addition, as set forth in Plaintiff's motion, the Parties have agreed upon Angeion Group ("Angeion") to serve as the Settlement's "Claims Administrator." Based on the Parties' representation, the Court approves the appointment of Angeion as the Claims Administrator.

### IV. FINAL APPROVAL HEARING

A Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled for July 21, 2016 at 11:00 a.m. in Courtroom 8A, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106, to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should receive final approval by the Court; whether the Settlement Class and its representation by the Plaintiff and Class Counsel satisfy the requirements of Fed. R. Civ. P. 23; whether Class Counsel's application for an award for attorneys' fees and reimbursement of litigation expenses and service award for Plaintiff should be granted; and any other issues necessary for final approval of the Settlement.

### V. CLASS NOTICE

The Court hereby APPROVES Class Notice substantially in the same form and with the same content as that attached hereto as "Exhibit A," finding that it fairly and adequately (i) describes the terms and effect of this Settlement Agreement, (ii) provides notice to the Settlement Class of the time and place of the Final Approval Hearing and (iii) describes how the recipients of the Class Notice may object to the Settlement. The Court further finds that serving

the Class Notice to the members of the Settlement Class is the best notice practicable under the circumstances, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law. The Court hereby also APPROVES the Claim Form substantially in the same form and with the same content as that attached hereto as "Exhibit B."

As such, the Court directs the Claims Administrator to mail the Notice Packet to Class Members in accordance with the terms of the Settlement Agreement. Further, the Parties are directed to establish a website for Class Members to view applicable documents and Court orders in accordance with the Settlement Agreement and as set forth in the Class Notice. Finally, pursuant to the terms of the Settlement Agreement, Defendant shall post a copy of the Class Notice in the Restaurant.

## VI.   REQUESTS FOR EXCLUSION

Members of the Class may exclude themselves from the Settlement by sending a letter by mail to the Claims Administrator, that is postmarked on or before the Bar Date, that states "I request to be excluded from the settlement in Graudins v. KOP Kilt, LLC, et al., Case No. 2:14-CV-02589 (E.D. Pa.). I affirm that I was employed by Defendant as a Tipped Employee on one or more days between March 28, 2012 and July 2, 2015." To be considered valid, the Request for Exclusion must also include the individual's full name, address and phone number.

## VII.   OBJECTIONS TO SETTLEMENT

Class Members may choose to object to the fairness, reasonableness or adequacy of the Settlement by submitting written objections to the Claims Administrator. All objections to the Settlement must be sent no later than the Bar Date.

Objections, and any other papers submitted for the Court's consideration in connection with issues to be addressed at the Final Approval Hearing shall be submitted to:

Tipped Employee Settlement
c/o Claims Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103

Upon receipt of any objection, the Claims Administrator shall follow the procedures set forth in the Settlement Agreement regarding notifying counsel for the Parties. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

Any member of the Settlement Class who files and serves a timely, written objection pursuant to the terms of this Order may also appear at the Final Approval Hearing in person or through counsel retained at that individual's expense. Class Counsel and Defendant's Counsel should be prepared at the Final Approval Hearing to respond to any objections filed by Class Members.

### VIII. MOTION IN SUPPORT OF FINAL SETTLEMENT APPROVAL, APPLICATION FOR FEE, EXPENSES AND SERVICE PAYMENT

Plaintiff's Motion in Support of Final Approval of Settlement and related relief shall be filed with the Court and served on all counsel of record at least thirty (30) calendar days prior to the Final Approval Hearing, or no later than June 21, 2016. Further, any application by Class Counsel for attorneys' fees and reimbursement of litigation expenses and for a Service Payment for the Named Plaintiff, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least thirty (30) calendar days prior to the Final Approval Hearing, or no later than June 21, 2016. Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on the website identified in the Class Notice.

Until such time as the Court can make a final determination as to the propriety of the Settlement at the Final Approval Hearing, the Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

## IX. DISMISSAL OF ADDITIONAL DEFENDANTS

Pursuant to Section 3.1 of the Settlement Agreement, Defendant Vincent Piazza and the Doe Defendants are dismissed with prejudice.

**SO ORDERED**

BY THE COURT:

_____
R. BARCLAY SURRICK, U.S.D.J.

DATED: 04/05/16

*[Handwritten notations:]*
Faxed 4/6/16
R. Rapp
J. Wells
M. Hank
J. Fank
H. Reich
A. Nelson

7